**David Joseph, Appellee, v. Chicago City Railway Company, Appellant.**

**Gen. No. 22,464.   (Not to be reported in full.)**

Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the March term, 1916. Reversed with finding of fact. Opinion filed November 27, 1916.

### Statement of the Case.

Action by David Joseph, plaintiff, against the Chicago City Railway Company, defendant, for personal injuries alleged to have resulted from the defendant's starting its car suddenly while the plaintiff was in the act of alighting therefrom. From a judgment for plaintiff, defendant appeals.

BENJAMIN F. RICHOLSON and CHARLES LE ROY BROWN, for appellant; JOHN R. GUILLIAMS, of counsel.

ALBERT SCHAFFNER, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Abstract of the Decision.

1. NEGLIGENCE, § 196*—*when manner of occurrence of accident question for jury.* Where the evidence is in inextricable conflict as to the manner of the occurrence of an accident, and the credibility of the witnesses is a strong factor in the solution of the questions in dispute, it becomes in the first instance the province of the jury to reconcile the evidence, if possible, and to determine the facts therefrom.

2. APPEAL AND ERROR, § 1778*—*when incumbent on Appellate Court to reverse jury's findings of fact.* Where it is patent' that the verdict of a jury is manifestly contrary to the preponderating force of the evidence, it is incumbent on the Appellate Court to reverse with findings of fact.

3. CARRIERS, § 476*—*when evidence does not justify verdict for passenger thrown from street car.* In an action for personal injuries alleged to have been caused by the plaintiff's being thrown from the steps of a street car as a result of its being started with a violent jerk while he was in the act of alighting, evidence as to the manner of the occurrence of the accident, *held* not to justify a verdict for the plaintiff.